IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-26-92 |
| | * | |
| CAMILLE T. JONES, | * | |
| | * | |
| Defendant | * | |
| | * | |

******

UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its undersigned attorneys, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1. On March 9, 2026, the United States of America filed an Information, charging Camille T. Jones (the "Defendant") with Conspiracy, in violation of 8 U.S.C. § 371, 18 U.S.C. § 20l(b)(l)(A) & (B), 18 U.S.C. § 20l(b)(2)(A) & (B), 18 U.S.C. § 1343, and 18 U.S.C § 1346 (Count One).   Dkt. No. 1.

2. The Information also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offense alleged in Count One of the Information.

3. On April 2, 2026, the Defendant pled guilty to the offense alleged in Count One of the Information.   Dkt. No. 13.   As part of her guilty plea, the Defendant agreed to entry of an order of forfeiture to include a money judgment in the amount of at least $790,000.00 in U.S.

currency equal to the value of the property derived from, or otherwise involved in, the Defendant's offense. *Id.* ¶¶ 13.

4. In support of her guilty plea, the Defendant executed a Stipulation of Facts in which the Defendant admitted that from approximately January 2020 through at least July 2023 Defendant and others schemed to steer Census Bureau contracts to a company that would use a large portion of the proceeds of the contract to steer payments to Defendants and others associates of the Defendants. In total, Defendant received at least $790,000.00 in proceeds of this scheme. Dkt. 13-1.

5. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a forfeiture money judgment in the amount of $790,000.00 in U.S. currency against the Defendant.

6. Further, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), to forfeit any property of the defendant up to the value of the forfeiture money judgment included in the Preliminary Order of Forfeiture. Upon issuance of any order forfeiting specific property, the United States will publish notice in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure.

7. The United States also seeks permission to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the

2

oral pronouncement of the Defendant's sentence;

     (c)     retain jurisdiction for the purpose of enforcing the forfeiture; and

     (d)     incorporate the Preliminary Order of Forfeiture in the criminal judgment entered

against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    /s/_____
Megan McKoy
Assistant United States Attorney

Edward Sullivan
Acting Chief, Public Integrity Section

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-26-92** |
| | * | |
| **CAMILLE T. JONES,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on March 9, 2026, the United States of America filed an Information, charging Camille T. Jones (the "Defendant") with Conspiracy, in violation of 8 U.S.C. § 371, 18 U.S.C. § 20l(b)(l)(A) & (B), 18 U.S.C. § 20l(b)(2)(A) & (B), 18 U.S.C. § 1343, and 18 U.S.C § 1346 (Count One).   Dkt. No. 1;

WHEREAS, the Information also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offense alleged in Count One of the Information;

WHEREAS, on April 2, 2026, the Defendant pled guilty to the offense alleged in Count One of the Information.   Dkt. No. 13;

WHEREAS, as part of her guilty plea, the Defendant agreed to entry of an order of forfeiture, as part of the Defendant's sentence, to include a money judgment of at least $790,000.00 in U.S. currency equal to the value of the property derived from, or otherwise involved in, the Defendant's offense;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a

Preliminary Order of Forfeiture imposing a money judgment in the amount of $790,000.00 in U.S. currency against the Defendant;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, a **forfeiture money judgment in the amount of $790,000.00** in U.S. currency is hereby entered against the Defendant.

3. The Defendant shall remain personally liable until the judgment is satisfied.   The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(6) and (c)(1), no third-party notice or ancillary proceeding is required to the extent that this Order consists solely of a money judgment.

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

7.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this

Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property or substitute

property when identified.

_____
The Honorable Lydia Kay Griggsby
United States District Judge

Dated: _____

3